HARDY, Judge.
This is an expropriation suit in which plaintiff municipality is seeking to take property of the defendant for use in the construction of a City Hall and Civic Center. After trial there was judgment fixing the value of defendant’s property in the sum of $15,000.00, from which judgment the defendant brings this appeal.
The sole issue presented is factual and concerns the determination of the value of the property involved. We find no conflict in the legal principles relied upon by the respective parties litigant. Appellant’s principal contention is that the valuation of its appraisers should have been accepted as representing the true value of the property based upon its highest and best use, namely, for commercial purposes. The opposed contention is that the highest and best use of the property was as a meeting hall in a residential area.
Defendant’s property is located on a corner lot bounded by Wood, Hart, Oak and Sixth Streets in the City of Monroe in a neighborhood made up almost entirely of older residential homes constructed some 40 to 60 years ago. The building on the property is a residence some 25 years old which is used as the home and meeting place of the defendant veterans’ organization. The location is in a declining neighborhood which has been steadily changing from single family residences to multiple residence units. In the immediate area there are only two commercial buildings. Defendant’s property is in an R-2 residential use designation (multiple family residence district) under the zoning ordinance of the City of Monroe-
*853 The appraisers who testified for both plaintiff and defendant predicated their valuations upon comparable sales. In a written opinion the district judge analyzed the appraisals in some detail and carefully set forth his reasons for accepting the com-parables used by plaintiff’s witnesses in preference to those employed in the computations of defendant’s appraisers. The defendant urges the acceptance by this court of the valuation of approximately $28,000.00.
As noted above, the difference m valuation as between the $15,000.00 awarded by judgment and the $28,000.00 asserted by defendant results from a conflict between the witnesses for the respective parties as to the determination of the highest and best use of the property. Our examination of the record fails to convince us of the merit of defendant’s contention that the property should be considered as commercial rather than residential. As we have pointed out, the property is presently zoned for residential use in common with the vast majority of the property in the immediate neighborhood, and the record fails to establish the fact that there is any present demand or market for the property for commercial use.
A similar question was considered by this court in State, through the Department of Highways v. Treat, (La.App., 2nd Cir., 1964, writs refused), 163 So.2d 578. In the cited case the defendant contended that the highest and best use of the property taken was for industrial purposes. Despite the presence in the vicinity of a small number of industries, we held that the valuation of the property under an industrial classification was more conjectural or speculative than factual. The opinion also pointed out the lack of a market demand for property in the area for use for industrial purposes. ■
We think the same rationale is appropriate to the instant case. The record does not justify a finding that there is a market demand for property in the area for com- : mercial purposes and the possibility of such a future development is based upon speculation and conjecture, not fact.
We fail to find any error either in the reasons or the conclusions of the district judge, and, accordingly, the judgment appealed from is affirmed at appellant’s cost.